Good morning. Everyone proceed. I would like t up to the bench and the p yourselves for the record people. Remove your mask R. E. E. V. E. R. E. E. Thank you, Mr Reeve. O morning. My name is Daniel defendant, Mr Edmund Rea. Thank you. All right. So about 10 minutes to presen from that, Mr Mellon, you time for a vote. Thank yo you're ready, you may ste proceed. Thank you very m My name is Danny Mellon. Publix vendors office. I Um, now this is a reasona not spewing that my clien in aggravated battery. In asking this court to do i murder conviction and rev conviction and remain the aggravated battery. Uh, f murder, uh, it's a case b we need to do is carefull facts and circumstances s Um, and if we do so, we b to prove the element of s a reasonable doubt. Mr Me be in order to establish intent that you need some wants to kill him. For ex kill you. Or uh, so is yo aggravated battery in and how severe is not suffic a specific intent? Yes. Y proposition. That's what again, you have to look a surrounding this offense you can just look at what the key things that happe and the co defendant when uh, Mr Portillo, who is b They gave me warning that Um, when they initially e they didn't hit him in th I mean, you know, you loo cases that they say in th with the fact that the we weapons was a baseball ba of indicate the level of But, um, we have Illinois just because you use a ba hit someone with a baseba conclusive evidence of sp kill. How about when he u head? Um, again, when the Mr Portillo, they hit him And so the defendant admi times. Yes, he did. He ad times. But I mean, I mean He was down on the ground know something, one of th Um, if I mean, if they wa him, they could have, um, because he didn't die. No I don't know. No, it's, i to kill him. So the defen his girlfriend had been r Is that correct? Harassmen he testified. I thought s I believe it was, he was pictures of her online, s messages. And that was th encounter occurred. Um, a that shows they weren't t trying to send a message. send a message like stop Okay, where did I get the somebody told the defenda had raped her. Um, I just I believe it was, I belie in the record. It's reddi It was rape. It was haras fiance, who is the mother Valerie Munoz, who was in had been, um, yeah, he ha her sending threatening t So they were just going t that said, don't rape her they wanted to send? Yes, alone. Is people versus M here or not? I believe so because that shows, I mea a case where the mother h month old child and the c brain injury and ended up months. And even with tha the Illinois Supreme Court that still there was insi evidence to prove an inte when she was being up the anything like in this cas was used. You think that' it was a mother with a chi Well, it's with a grown a to another man's head or was that the sentence? Tr on that when he said, I t an attempt to kill becaus on the head multiple time think there's any questio one more strike would've maybe not. But wasn't th of concluded that you too were battering his head m to me says it was an inte I'm paraphrasing. Yeah, c the reason Mitchell is ap it. The injury sustained less severe than what occ in Mitchell still like wi They still found insuffic attempt to kill. So that' spent five days in the ho fractures, multiple fractu hearing in his ear, no su required. Um, what about state cites that they thi on point. What do you say that's uh, readily distin probably the most signifi the defendant in that cas victims, gave no warning struck him in the head, c think so. Yes, your hono the warning here. I mean, up and then used a warnin you with a baseball bat. I'm going to hit you in t back. He at least alerte He said, I'm here and he coming and then he hit hi in Vermont days, the defe  immediately struck in the baseball bat and the vict in the hospital. One of t 24 care for the rest of t more severe injuries than about the armed robbery? I mean, I think the key f He told police that he wa or not he dropped his pho it was taken from him. He going through his pockets Um, no proceeds were ever my client gave statements committing the battery. I the motive for why he did because Mr Portillo was h co defendant type person the plan was to rob someb his phone and marijuana. the ambulance came and br there was no marijuana, n to be found. Mr Neil, who and got all the charges d for a testimony against m felon. Um, who gave confl along. He initially lied the judge can raise testi the judge did waive the t to relay. Yes, correct. O that that one should be g testified that he wasn't he dropped the proceeds o taken from him again. He go through his pockets. N introduced a trial. Um, a he gave statements and he he did. He admitted to co battery. Uh, he gave the doing. Um, and if he's go the battery, why wouldn't committing a robbery as w you know, why admit every have to pardon? Why admit don't have to, I mean, an class X, you know, so cor in light of, but we, you no rational trial. Yes, y one. I know. So we have t trial fact could have conc that the gun and the, I'm and the marijuana were no then there's the requireme But, um, but the judge an that other witness that s we were going to do. Yes, you want to get, we're go time. No, Your Honor. Than one question. Yes. People indicated that we want to have to look at the surrou what surrounding circumst to us that would indicate intent? I think the surrou everything leading up to he gave, he alerted his p when he initially struck struck him in the back. U that the, you know, at one whole incident lasted 2-5 he lasted, said it could as short as 20 seconds. U he, he, he indicated that  Mr Portillo during his cr that he believed he was a the incident. He was not The nature of the injuries than in typical cases wher intent to kill. So, and I video of the, my client w and he was, I think his s he indicated he was shook really, I think, I think could, intended to commit to deal with the way Mr P his fiance. Uh, he did no So, all right, we're goin very well. And now we wil Thank you very much. Good morning again, your hono Kimberly Reeve on behalf State of Illinois. Today Honorable Court to affirm and sentences for two rea evidence at trial establi have the specific intent doubt. And then second, t also established that thi robbery based on Neil's c and Portillo's cannabis a from his person beyond a turning to my first point trial established that he intent to kill. Uh, speci proven through direct evi justice raised, pointed o from surrounding circumst include the character of of a deadly weapon, sever and evidence defended vol committed an act whose na to destroy another's life is we do have a severe cha of the attack or character was attacked from behind to respond to this. What' forth. Um, he was then im the bats fall into the gr minutes or even if it was be hard for him to tell b in the head over and over amount of time. Uh, this know, unlike in jones cas upon because we're lookin the baddest used jones di are sorry, cases followin that the way that the kni used in jones was not the usually use a knife and a and shooting. Those peopl they didn't have any exte with it. Did they? No, th that was of concern for t uh, had stitches and was outpatient, which is agai from here where we have f uh, permanent partial hea will be a lifelong injury to suffer because of this reading would go to the i court made an extensive a  And we know that because of the charges based on t sufficient evidence of th Correct. Okay, that's my important to point that o the testimony of Sabrina that these were gunshots that's probably what she she called 911 and that's Um, but the fact that it that she actually heard, this beating also adds to that how severe it was. U voluntarily and willfully Portillo in the head. Um, intensity destroys life. important that the trial this and did expand on th beating to the head is so of taking a life, which a Illinois courts recognizi length of wood swung agai and repeatedly is capable So that can be the intent So as a result of this be injury, five days in the skull fractures, partial a direct result of this i I also want to put out th Mitchell is misplaced whi in Mitchell there was a s it was found that it was Um, the court based its d on the fact that the defen aid. So after this child seizure, the defendant th compress on her, took her um, rendering that aid ve nothing. They beat him an the park to bleed out, wh recognized when he spoke they left him leaking. Th Um, so I think it was jus that we had burped and fi what the sound is and inv by Portillo might be aliv today. Uh, I would also l that the defendant relies Um, but the decent court error standard because it instructions. So with tha well found that it was no that that was the only re missing the specific intent do have the court also sa possible that the jury co intent. So if we were giv there, it's entirely poss intent would be found by can be then seen later on the role case cited in my is what happened there, w taking decent one step fo given that specific intent did find it as a jury. Sh the fact that they try to hit them? I wouldn't reall just consider that a warn know, it's not like they on the facts, it's not li order like, hey, you know you, you better take off like it was very, very qu and then the beating. What Where is that coming from to me, it means you don't intent to kill. Right. I would you say? I mean, I that there's really anyth that a warning takes away mean, we, I can always as I'm not sure I understand you on her. I don't under the other account, the ar for the armed robbery. I to note that the trial co testimony. Well, some par they found overall that i the fact that this was a Um, and the trial court b of being able to view the mannerisms on the, on the like that of how they spe be a lot different than w in the cold record. So th to understand that. Uh, s Neil credible as to the o be disturbed. Uh, as for a big focus on the phone, to point out that the ind the phone and the indictm So I, sorry, the phone an taking science. So, um, s one of those items going the element of taking. An to note that like armed r can be based on circumsta it has been noted by seve a person is, has their it the time of being assaulted rendered unconscious, wha afterwards, they have no, have their items. That is to show that there was a have to have the proceeds to prove that element. Um what we have here. So we that before the beating h had his cannabis, whether in his pockets, he wasn't not fully confirmed which And then afterwards, afte the hospital, he had neith is on cross examination, of whether he dropped his Um, if he had it in his h Um, but again, he, he tes that he's unsure he could in any case, we do have t stating that, um, they di at the park. So there was phone, there was no recov at the park. Um, so that' that it wasn't taking. Um also a discussion of that that it would be fair to feel anybody go through h it's unreasonable to assum been beaten over the head that they're bleeding and to really process if some their pockets at that tim that's the only negative taking. So, you know, abs credible account for wher cannabis ended up. Um, it any charter factory reach this was a taking, this w Uh, so for all these reaso brief. Uh, and if there a I'm, I'm happy to answer you. Mr. Thank you. Mr. M some sort of case support about that? The warning i I'm looking right at very what does it say? Suggest Uh, this court stated, um from it. The facts of thi to permit the jury to conc intended to kill the vict approached the victims fr walked down Damien Avenue of the night with no warni a violent hit to the back says they approach from f no warning and then hit t in the back of the head. saying that giving a warn Yes, Your Honor. Yes. I'm case that says that when you know, we're coming to the state's cases. Yes. Y Yes. I mean, the argument the circumstances that sh whether or not the defend warning. And also I belie whether or not the victim uh, whether or not a defen a victim in the head or j they did here. So we're l right here, which the sta found a specific intent t the nature of the attack, warning, uh, approached t them in the back of the h we have here. So, so, I m you know, it's, it's a fa doubt. You have to look t that's facts and circumst case. Um, but again, no c that hitting someone with a per se deadly weapon. W correct. Yes. And so, and at Jones and that was dis some evidence here that I had a gun. Um, there was Neal's testimony that the had a gun and they didn't obviously. So you're sayi Yes, your honor. And that key fact that was used in the nature of, you know, a bludgeon as opposed to to shoot the victim. Same Same thing here. I mean, to kill Portillo, I mean, had a gun, they could have could have stayed there a attack, but they didn't. there was a gun. I thought kind of walking that back client testified that he or not. The doctor wouldn evidence of a gunshot. Ye was never a gun in the fi Yes, your honor. But anyt to add? Um, just, just to court, I mean, we would a reverse both convictions. it finds that the evidenc on the attempt murder. We to remand for resentencing Okay. Thank you both. Tha